UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELI CRUSOE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DAVE DORMIRE, )<br>)<br>Respondent. ) | Case No. 4:11-CV-1501 (CEJ) |

**MEMORANDUM**

This matter is before the Court on the petition of Eli Crusoe for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.  **Procedural Background**

Petitioner Eli Crusoe is presently incarcerated at the Jefferson City Correctional Center pursuant to the sentence and judgment of the Circuit Court of the City of St. Louis. On April 13, 2007, a jury found petitioner guilty of second-degree assault, in violation of § 565.050, Mo.Rev.Stat., and armed criminal action, in violation of § 571.015. Resp. Ex. B at 52-55. The trial court sentenced petitioner as a prior offender to concurrent three-year and twenty-year terms of imprisonment, respectively. On June 17, 2008, the Missouri Court of Appeals summarily affirmed petitioner's convictions and sentences. State v. Crusoe, 261 S.W.3d 620 (Mo. Ct. App. 2008).

Petitioner filed a timely motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which the post-conviction court denied without an evidentiary hearing. On October 19, 2010, the Missouri Court of Appeals summarily affirmed the denial of post-conviction relief. Crusoe v. State, 328 S.W.3d 321 (Mo.

Ct. App. 2010). On August 30, 2011, petitioner timely filed this petition for relief pursuant to 28 U.S.C. § 2254.

## II. Factual Background

On February 4, 2005, Jimmie Stevenson, Jr., (Jimmie) and his girlfriend Ashley Britt went to petitioner's home in St. Louis City to finalize a deal for a used car that Jimmie sold to petitioner. Jimmie's father, Jimmie Stevenson, Sr. (Mr. Stevenson), drove the couple to petitioner's home and waited outside in his truck. Resp. Ex. A, Tr. 180. Petitioner's brother and a man named Arnett Bowers were in the home when Jimmie and Ashley arrived.

Ms. Britt testified that Jimmie and petitioner went into another room to talk. She did not hear any raised voices or sounds of disagreement. Tr. 217. When Jimmie returned to the living room, he and Ms. Britt left the house through the front door. Jimmie testified that someone in the house called his name. He turned and went back in while Ms. Britt remained on the porch. Jimmie testified that he has no memory of anything that happened in the house once he stepped through the door. Tr. 233-34. Ms. Britt and Mr. Stevenson testified that they saw petitioner strike Jimmie on the head with a pistol. Tr. 199, 179. Jimmie fell down and petitioner continued to strike Jimmie on the head with the pistol. Ms. Britt testified that she tried to get back into the house but the front door was locked so she used a shovel to break a window. The front door was opened from inside and petitioner and his brother dragged Jimmie out to the front lawn.

Petitioner testified that he told Jimmie and Ms. Britt to leave his house because tempers were flaring. Tr. 314. According to petitioner, they left but almost immediately a window was broken and Jimmie was back in the house, swinging a

steering wheel lock at petitioner. Petitioner stated that he feared for his life. Tr. 315. He testified that blocked one blow with his hand and sustained a fracture. Petitioner's brother joined the fight and they punched Jimmie multiple times; at one point, petitioner used a 2 by 4 to hit Jimmie. Tr. 320. He testified that Jimmie kept getting back up and petitioner was frightened by the younger man's aggression. According to petitioner, Jimmie left the house under his own power. Petitioner called the police to report a burglary. Tr. 321. No steering wheel lock was recovered from the scene.

Mr. Bowers testified that Jimmie demanded money from petitioner and refused to leave. Jimmie and petitioner started "tussling" and petitioner "picked him on up and threw him out of the house." Tr. 278-79. Mr. Bowers did not see Jimmie with a weapon in his hands. Tr. 283. He did see petitioner hitting Jimmie with a board. Tr. 286.

Jimmie sustained serious injuries to his skull and required hospitalization. He testified that he continued to experience blurred vision in one eye, persistent pain, and short-term memory problems. Tr. 236-37. Petitioner testified that he sustained damage to both hands. There was expert testimony that the injuries to petitioner's right hand were consistent with holding a pistol and striking someone in the manner Ms. Britt described. Tr. 357-58.

Additional facts will be included as necessary to address the merits of petitioner's claims for relief.

III. <u>Legal Standard</u>

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), only if the state court's determination:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

IV. Discussion

## Ground 1: Presence of Rifle/Failure to Declare Mistrial

Petitioner contends that the trial court erred "in allowing the State to use the SKS semi-automatic rifle that had been excluded from evidence in a pre-trial hearing."

Defense counsel filed a motion in limine to exclude two pistols and an assault rifle seized from petitioner's home. The trial court granted the motion with respect to the assault rifle. Resp. Ex. B at 22-24. Despite the court's ruling, however, the assault rifle remained on a table that the jurors passed as they entered the court room. During Ms. Britt's testimony, the prosecutor retrieved one of the pistols from the table and defense counsel noticed the assault rifle there as well. Counsel moved for a mistrial, arguing that the jurors would know the rifle was associated with petitioner's case because the prosecutor had just retrieved another weapon from the same table. The trial court disagreed, noting that the evidence table was very far away from the bench and jury box. Tr. 200. During the next recess, the court had the rifle removed from the court room, had other evidence bags placed on the table, and told the prosecutor to move the State's evidence to counsel table.

On direct appeal, petitioner argued that the trial court erred in denying his request for a mistrial, while here he asserts that the trial court erred in "allowing" the State to "use" the rifle. The claim as presented in the petition is refuted by the record in that, far from allowing use of the rifle, the court excluded it. To the extent that petitioner intends to assert that the trial court erred in denying his motion for a mistrial, the claim fares no better. As the Missouri Court of Appeals noted, "a mistrial is a drastic remedy and is to be exercised only in those extraordinary circumstances in which the prejudice to the defendant cannot otherwise be removed." Resp. Ex. E at 2.

> [T]he trial court was in the best position to determine the prejudicial effects, if any, of the rifle remaining in the courtroom during the first part of the trial. When brought to the court's attention, the rifle . . . was removed during a jury recess. In addition, the court took corrective measures [to reduce prejudice].

Id. at 3.

The trial court's decision to deny the request for a mistrial did not deny petitioner due process and a fair trial. See LaFrank v. Rowley, 340 F.3d 685, 690 (8th Cir. 2003) (no prejudice in denying mistrial after two bomb threats disrupted trial proceedings). Petitioner has failed to show that the state courts' decision was contrary to or an unreasonable application of clearly established law or an unreasonable determination of the facts in light of the evidence. Petitioner's first claim for relief will be denied.

### Ground 2: Admission of two handguns

Petitioner claims the trial court erred by allowing the prosecutor to admit two handguns into evidence.

Three handguns were seized from petitioner's home: Exhibit 14 was identified by Ms. Britt as the weapon petitioner used to strike Jimmie Stevenson; exhibit 16 was taken from petitioner's brother; and exhibit 15 was found elsewhere in the house. Tr. 252-53. A police officer showed all three handguns to Ms. Britt in a "gun lineup." Tr. 255, 258. The court permitted the admission of exhibits 15 and 16 for the limited purpose of allowing the jury to see which guns were displayed to Ms. Britt. Tr. 257. The Court of Appeals held that, while the "weapons line up" had marginal relevance, the trial court did not abuse its discretion in admitting the guns. Resp. Ex. E at 3.

Questions concerning the admission of evidence are matters of state law and thus are not cognizable in federal habeas review. Wood v. Lockhart, 809 F.2d 457, 459 (8th Cir. 1987). A state court's evidentiary ruling will warrant the issuance of a

habeas writ only where the asserted error resulted in a denial of due process. Id. To establish a right to relief, the petitioner must show that the evidentiary ruling was "so gross," "conspicuously prejudicial," or "otherwise of such magnitude that it fatally infected the trial and failed to afford petitioner the fundamental fairness which is the essence of due process." Id. (citations omitted).

Petitioner argued on appeal that the jury rejected his self-defense claim because they saw him as a bad person who possessed an arsenal of weapons. Resp. Ex. C at 12. In order to prevail on his self-defense claim, petitioner needed to establish that he was not the initial aggressor and that he reasonably believed he was in imminent danger of death or serious physical injury from Jimmie. Resp. Ex. B at 38-39. Considering the evidence as a whole, the jury could have reasonably rejected petitioner's self-defense claim without drawing an improper inference from the handguns. The admission of the handguns was not so prejudicial as to fatally infect the trial or violate petitioner's due process rights. Petitioner's second claim for relief will be denied.

### Ground 3: Failure to instruct the jury

Petitioner claims the trial court erred in failing to instruct the jury on "defense of premises."

Jury instructions involve questions of state law, and petitioner has the burden of showing that the instructions used constituted a fundamental defect that resulted in a miscarriage of justice. Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000) (quoting Louisell v. Director of Iowa Dept. of Corrections, 178 F.3d 1019, 1022 (8th Cir. 1999) ("Habeas corpus relief may be granted only when an erroneous jury instruction constituted a fundamental defect that resulted in a complete miscarriage

of justice, or an omission inconsistent with rudimentary demands of a fair trial.") (internal quotations omitted).

Defense counsel proposed a "defense of premises" instruction which stated that a "person can lawfully use force against another person in defense of premises . . . if he reasonably believes the other person is committing or attempting to commit the crime of trespass." Resp. Ex. B at 45-46. The instruction further provided that, in defense of premises, "a person is not entitled to use deadly force . . . unless the entry was made in a violent and tumultuous manner." Id. Defense counsel argued that the fact that the window was broken was evidence that Jimmie Stevenson entered in a violent and tumultuous manner. Tr. 381. The trial court rejected the instruction because there was no evidence that the window was used for entry. The Court of Appeals affirmed. "Once the person enters the premises without resistance, . . . the principles of self-defense apply and the defendant is no longer entitled to a defense of premises." Resp. Ex. E at 4.

The state courts determined that there was no evidence that Jimmie Stevenson trespassed and that petitioner was therefore not entitled to the defense of premises instruction. This determination is not contrary to, or an unreasonable application of, clearly established federal law; neither is it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Accordingly, petitioner's third claim for relief will be denied.

### Ground 4: Sentencing error

Petitioner claims that the trial court considered improper factors when it sentenced him to twenty years for armed criminal action.[1]

The presentence investigation report recommended that petitioner serve two concurrent three-year terms of imprisonment. Tr. 431. The trial court expressed concern that the investigation did not take into account the degree of impact on the victim. The court also noted that petitioner continued to strike Jimmie Stevenson once he "went down" and did not "seize the opportunity" to back off. Tr. 433-34. Petitioner contends that these factors were relevant only to the assault conviction and were improperly considered to determine his sentence for the armed criminal action. He argues that trial court's consideration of these factors was improper because the jury acquitted him of first-degree assault.

Petitioner did not raise this claim on direct appeal but asserted it in his Rule 29.15 motion for post-conviction relief. On appeal from the denial of relief, the Missouri Court of Appeals determined that the claim was waived. Resp. Ex. I at 4. Alternatively, the court noted that the claim was refuted by the record: proper sentencing considerations include the impact of the crime on the victim, the nature of the offense, and the history and character of the defendant. Id. at 5 (citing § 557.036.3, Mo.Rev. Stat.) Furthermore, the sentence was within the permissible range of punishment and was consistent with the State's recommendation.

Under Missouri law, appellate review of sentencing errors is a matter to be raised on direct appeal. Hufft v. State, 759 S.W.2d 339, 340 (Mo. Ct. App. 1988). Missouri law does not allow a movant to challenge trial court errors in a post-conviction

---

[1]The range of punishment for second-degree assault is a term not to exceed seven years and for armed criminal action a term of not less than three years. Resp. Ex. I at 2 n.1.

motion, absent rare and exceptional circumstances. Fenton v. Dormire, 4:07CV1595-DJS, 2010 WL 3733923 (E.D. Mo. Sept. 20, 2010) (citing Phillips v. State, 214 S.W.3d 361, 364 (Mo. Ct. App. 2007)). Thus, petitioner failed to properly present his sentencing claim to the state courts.

It is well established that "[t]o be eligible for federal habeas corpus relief, a state prisoner must first exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court." Herndon v. Norman, 4:09CV1889 TCM, 2013 WL 1282250 (E.D. Mo. Mar. 26, 2013) (quoting Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir.2007)). Absent a showing of cause and prejudice, a federal habeas court may not reach the merits of "procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." Sawyer v. Whitley, 505 U.S. 333, 338 (1992). Petitioner procedurally defaulted this claim and cannot satisfy the cause and prejudice requirements. Furthermore, even if the claim were properly before the Court, petitioner has failed to show that the state courts' decision with respect to his sentence was contrary to or an unreasonable application of clearly established law or an unreasonable determination of the facts in light of the evidence.

### V. Conclusion

For the reasons discussed above, the Court concludes that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Petitioner has also failed to make a substantial showing of the denial of a constitutional right. Therefore, the Court will

not issue a certificate of appealability.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

                                                                   _____
                                                                   CAROL E. JACKSON
                                                                   UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2014.